**EXHIBIT A**

**ORIGINAL**

**BY FAX**

1  Shaun Setareh (SBN 204514)
       shaun@setarehlaw.com
2  Tuvia Korobkin (SBN 268066)
3      tuvia@setarehlaw.com
   Neil Larsen (SBN 276490)
4      neil@setarehlaw.com
5  SETAREH LAW GROUP
   9454 Wilshire Boulevard, Suite 907
6  Beverly Hills, California 90212
   Telephone:   (310) 888-7771
7  Facsimile:   (310) 888-0109

8
   Attorneys for Plaintiff,
9  DALE WILSON

**FILED
SAN MATEO COUNTY
OCT 07 2014
Clerk of the Superior Court
By _____
DEPUTY CLERK**

10             SUPERIOR COURT OF THE STATE OF CALIFORNIA

11                  FOR THE COUNTY OF SAN MATEO
12                      (*UNLIMITED JURISDICTION*)

**CIV 530714**

13  DALE WILSON, on behalf of himself, all others  | Case No.
    similarly situated, and the general public,
14                                                 | **CLASS ACTION**
                   *Plaintiff*,
15                                                 | **COMPLAINT FOR:**
16         vs.                                     | 1. Failure to Provide Meal Periods (Lab.
                                                   |    Code §§ 204, 223, 226 7, 512, and
17  TE CONNECTIVITY NETWORKS, INC.; a              |    1198);
    Minnesota Corporation; TYCO ELECTRONICS        | 2. Failure to Provide Rest Periods (Lab
18  CORPORATION, a Pennsylvania Corporation,       |    Code §§ 204, 223, 226 7, and 1198);
19  and DOES 1-50, inclusive,                      | 3. Failure to Pay Hourly Wages (Lab.
                                                   |    Code §§ 223, 510, 1194, 1194.2, 1197,
20                 *Defendants*.                   |    1997.1, and 1198);
                                                   | 4. Failure to Provide Accurate Written
21                                                 |    Wage Statements (Lab Code § 226(a));
22                                                 | 5. Failure to Timely Pay All Final Wages
                                                   |    (Lab. Code §§ 201-203);
23                                                 | 6. Unfair Competition (Bus & Prof. Code
24                                                 |    §§ 17200, *et seq.*);
                                                   | 7 Civil Penalties (Lab. Code §§ 2698, *et*
25                                                 |    *seq.*).
26                                                 | **JURY TRIAL DEMANDED**
27

28

*Wilson v TE Connectivity, et al*                              Class Action Complaint

Plaintiff, DALE WILSON (hereafter "Plaintiff"), on behalf of himself, all others similarly situated, and the general public, complains and alleges as follows.

## INTRODUCTION

1. Plaintiff brings this class and representative action against defendants TE CONNECTIVITY NETWORKS, INC., a Minnesota Corporation; TYCO ELECTRONICS CORP, a Pennsylvania Corporation and DOES 1 through 50 inclusive (hereafter "Defendants") for alleged violations of the Labor and Business and Professions Codes. As set forth below, Plaintiff alleges that Defendants failed to provide them with meal periods, failed to provide them with rest periods, failed to pay premium wages for unprovided meal and/or rest periods, failed to pay at least minimum wages for all hours worked, failed to pay overtime wages, failed to provide them with accurate written wage statements, and failed to timely pay them all of their final wages following separation of employment. Based on these alleged Labor Code violations, Plaintiff now brings this class and representative action to recover unpaid wages, restitution, and related relief on behalf of himself, all others similarly situated, and the general public.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction to hear this case because Plaintiff is informed and believes that the monetary damages and restitution sought herein for Defendants' conduct exceeds the minimal jurisdictional limits of the Superior Court.

3. Plaintiff is informed and believes that the individual claims of the below-defined classes are under the $75,000.00 threshold for Federal diversity jurisdiction and the aggregate claim is under the $5,000,000.00 threshold for Federal jurisdiction, under the Class Action Fairness Act of 2005. Further, there is no federal question at issue as the issues herein are based solely on California law.

4. Venue is proper in SAN MATEO County pursuant to Code of Civil Procedure Sections 395(a) and 395.5 in that liability arose in SAN MATEO County because at least some of the transactions that are the subject matter of this Complaint occurred therein and/or each defendant is found, maintains offices, transacts business, and/or has an agent therein.

## PARTIES

### A. Plaintiff

5. Plaintiff worked for Defendants in an hourly position as a technician from approximately 1975 to October of 2013.

### B. Defendants

6. Defendants are authorized to do business in California.

7. Plaintiff is ignorant of the true names, capacities, relationships, and extent of participation in the conduct alleged herein, of the Defendants sued as Does 1-50, inclusive, but is informed and believes that said Defendants are legally responsible for the conduct alleged herein and therefore sues these Defendants by such fictitious names. Plaintiff will amend this complaint to allege both the true names and capacities of the Doe Defendants when ascertained.

8. Plaintiff is informed and believes that each Defendant acted in all respects pertinent to this action as the agent of the other Defendants, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and that the acts of each Defendant are legally attributable to each of the other Defendants.

## CLASS ALLEGATIONS

9. This action has been brought and may be maintained as a class action pursuant to Code of Civil Procedure § 382 because there is a well-defined community of interest among the persons who comprise the readily ascertainable classes defined below and because Plaintiff is unaware of any difficulties likely to be encountered in managing this case as a class action.

10. **Relevant Time Period** The relevant time period is defined as the time period beginning four years prior to the filing of this action until judgment is entered.

11. The class and subclass members are defined as follows:

> **Auto Deduct Class:** All persons in non-exempt positions employed by Defendants in California who had a ½ hour deducted from their paychecks whether or not they clocked out for a meal break during the **Relevant Time Period.**
>
> **Meal Break Class:** All non-exempt employees of Defendants in California who worked a shift in excess of five hours during the **Relevant Time Period** who was not provided with an off duty meal break

**Rest Break Class**: All hourly employees of Defendants in California who worked a shift in excess of 3 5 hours during the **Relevant Time Period** who was not provided with a rest break

**Wage Statement Penalties Class**: All **Auto Deduct Class, Meal Break Class,** and **Rest Break Class** members employed by Defendants in California during the period beginning one year before the filing of this action and ending when final judgment is entered.

**Waiting Time Penalties Class**: All **Auto Deduct Class, Meal Break Class,** and **Rest Break Class** members who separated from their employment with Defendants during the period beginning three years before the filing of this action and ending when final judgment is entered.

**UCL Class**: All **Auto Deduct Class, Meal Break Class,** and **Rest Break Class** members employed by Defendants in California during the **Relevant Time Period.**

12    **Reservation of Rights:** Pursuant to Rule of Court 3.765(b), Plaintiff reserves the right to amend or modify the class definitions with greater specificity, by further division into subclasses, and/or by limitation to particular issues.

13.    **Numerosity:** The class members are so numerous that the individual joinder of each individual class member is impractical While Plaintiff does not currently know the exact number of class members, Plaintiff is informed and believes that the actual number exceeds the minimum required for numerosity under California law.

14.    **Commonality and Predominance:** Common questions of law and fact exist as to all class members and predominate over any questions which affect only individual class members. These questions include, but are not limited to.

   A.    Have Defendants maintained a policy or practice of failing to provide employees with their meal breaks?

   B.    Have Defendants maintained a policy or practice of failing to provide employees with their rest breaks?

   C.    Have Defendants failed to pay additional wages to class members when they have not been provided with required meal and/or rest periods?

   D    Have Defendants failed to pay minimum and/or overtime wages to class

members as a result of policies that fail to provide meal breaks in accordance with California law?

E. Have Defendants failed to provide class members with accurate written wage statements as a result of providing them with written wage statements with inaccurate entries for, among other things, amounts of gross and net wages, and time worked?

F. Have Defendants failed to pay class members all wages without discount?

G. Have Defendants applied policies or practices that result in late and/or incomplete final wage payments?

H. Are Defendants liable to class members for waiting time penalties under Labor Code § 203?

I. Are class members entitled to restitution of money or property that Defendants may have acquired from them through unfair competition?

15. **Typicality:** Plaintiff's claims are typical of the other class members' claims. Plaintiff is informed and believes and thereon alleges that Defendants have a policy or practice of failing to comply with the Labor Code and the Business and Professions Code as alleged herein.

16. **Adequacy of Class Representative:** Plaintiff is an adequate class representative in that he has no interests that are adverse to, or otherwise conflict with, the interests of absent class members and is dedicated to vigorously prosecuting this action on their behalf. Plaintiff will fairly and adequately represent and protect the interests of the other class members.

17. **Adequacy of Class Counsel:** Plaintiff's counsel are adequate class counsel in that they have no known conflicts of interest with Plaintiff or absent class members, are experienced in wage and hour class action litigation, and are dedicated to vigorously prosecuting this action on behalf of Plaintiff and absent class members.

18. **Superiority:** A class action is vastly superior to other available means for fair and efficient adjudication of the class members' claims and would be beneficial to the parties

and the Court Class action treatment will allow a number of similarly situated persons to simultaneously and efficiently prosecute their common claims in a single forum without the unnecessary duplication of effort and expense that numerous individual actions would entail. In addition, the monetary amounts due to many individual class members are likely to be relatively small and would thus make it difficult, if not impossible, for individual class members to both seek and obtain relief. Moreover, a class action will serve an important public interest by permitting class members to effectively pursue the recovery of moneys owed to them. Further, a class action will prevent the potential for inconsistent or contradictory judgments inherent in individual litigation.

## FIRST CAUSE OF ACTION

### FAILURE TO PROVIDE MEAL PERIODS

### (Lab. Code §§ 204, 223, 226.7, 512, and 1198)

### (Plaintiff and Auto Deduct Class, Meal Break Class)

19. Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein

20. At all relevant times, Plaintiff, the **Auto Deduct Class**, and **Meal Break Class** members have been non-exempt employees of Defendants entitled to the full meal period protections of both the Labor Code and the Wage Order.

21. Labor Code § 512 and Section 11 of the applicable Wage Order impose an affirmative obligation on employers to provide non-exempt employees with uninterrupted, duty-free, meal periods of at least thirty minutes for each work period of five hours, and to provide them with two uninterrupted, duty-free, meal periods of at least thirty minutes for each work period of ten hours.

22. Labor Code § 226.7 and Section 11 the Wage Order both prohibit employers from requiring employees to work during required meal periods and require employers to pay non-exempt employees an hour of premium wages on each workday that the employee is not provided with the required meal period.

23. Compensation for missed meal periods constitutes wages within the meaning of

5

the California Labor Code § 200.

24. Labor Code § 1198 makes it unlawful to employ a person under conditions that violate the Wage Order.

25. Section 11 of the Wage Order states: "Unless the employee is relieved of all duty during a 30 minute meal period, the meal period shall be considered an 'on duty' meal period and counted as time worked. An 'on duty' meal period shall be permitted only when the nature of the work prevents an employee from being relieved of all duty and when by written agreement between the parties an on-the-job paid meal period is agreed to. The written agreement shall state that the employee may, in writing, revoke the agreement at any time." 8 Cal. Code Regs. § 11040(11).

26. At all relevant times, Plaintiff was not subject to a valid on-duty meal period agreement. Plaintiff is informed and believes that, at all relevant times, Plaintiff, the **Auto Deduct Class**, and **Meal Break Class** members have not subject to valid on-duty meal period agreements with Defendants.

### *Automatic Meal Period Deduction*

27. Plaintiff alleges that, at relevant times during the applicable limitations period, Defendants maintained a policy or practice of automatically deducting one half hour from the paychecks of **Auto Deduct Class** members on each day they worked for a meal period, regardless of whether or not they were able to take an uninterrupted, thirty (30) minute meal period.

28. At all relevant times, Defendants failed to pay Plaintiff and **Meal Break Class** members additional premium wages, and/or were not paid premium wages at the employees' regular rates of pay when required meal periods were not provided pursuant to California law.

29. Pursuant to Labor Code §§ 204, 218.6, and 226.7, Plaintiff, on behalf of himself and the **Class** members, seeks to recover unpaid premium wages, interest thereon, and costs of suit.

30. Pursuant to Labor Code § 1194, Code of Civil Procedure § 1021.5, the substantial benefit doctrine, and/or the common fund doctrine, Plaintiff, on behalf of himself,

the **Auto Deduct Class**, and **Meal Break Class** members, seeks to recover reasonable attorneys' fees

## SECOND CAUSE OF ACTION
## FAILURE TO PROVIDE REST PERIODS
## (Lab. Code §§ 204, 223, 226.7, and 1198)
### (Plaintiff and the Rest Break Class)

31.  Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein

32.  At all relevant times, Plaintiff and **the Rest Break Class** members have been non-exempt employees of Defendants entitled to the full rest period protections of both the Labor Code and the Wage Order

33.  Section 12 of the Wage Order imposes an affirmative obligation on employers to permit and authorize employees to take required rest periods at a rate of no less than ten minutes of net rest time for each four hour work period, or major portion thereof, that must be in the middle of each work period insofar as is practicable.

34.  Labor Code § 226.7 and Section 12 the Wage Order both prohibit employers from requiring employees to work during required rest periods and require employers to pay non-exempt employees an hour of premium wages at the employees regular rate of pay, on each workday that the employee is not provided with the required rest period

35.  Compensation for missed rest periods constitutes wages within the meaning of the California Labor Code § 200.

36.  Labor Code § 1198 makes it unlawful to employ a person under conditions that violate the Wage Order.

37.  Plaintiff alleges that at relevant times during the applicable limitations period, Defendants maintained a policy or practice of not providing members of the **Rest Break Class** with net rest periods of a least ten (10) minutes for each four (4) hour work period, or major portion thereof, as required by the Wage Order.

38.  At all relevant times, Defendants failed to pay Plaintiff and other class members

additional premium wages when required rest periods were not provided.

39. Specifically, Defendants written policies do not provide that employees may take a rest break for each four hours worked, and/or major fraction thereof, and that rest breaks should be taken in the middle of each work period insofar as practicable

40. Pursuant to Labor Code §§ 204, 218.6, and 226 7, Plaintiff, on behalf of himself, **Rest Break Class** members, seeks to recover unpaid premium wages, interest thereon, and costs of suit.

41 Pursuant to Labor Code § 1194, Code of Civil Procedure § 1021.5, the substantial benefit doctrine, and/or the common fund doctrine, Plaintiff, on behalf of himself and the **Rest Break Class** members, seeks to recover reasonable attorneys' fees.

## THIRD CAUSE OF ACTION

### FAILURE TO PAY HOURLY AND OVERTIME WAGES

(Lab. Code §§ 223, 510, 1194, 1197, and 1198)

(By Plaintiff and Auto-Deduct Class)

42. Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

43. At all relevant times, Plaintiff and **Auto Deduct Class** members are or have been non-exempt employees of Defendants entitled to the full protections of the Labor Code and the Wage Orders.

44. Section 2 of the Wage Order defines "hours worked" as "the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so"

45. Section 4 of the Wage Order requires an employer to pay non-exempt employees at least the minimum wage set forth therein for all hours worked, which consist of all hours that an employer has actual or constructive knowledge that employees are working.

46. Labor Code § 1194 invalidates any agreement between an employer and an employee to work for less than the minimum or overtime wage required under the applicable Wage Orders.

47. Labor Code § 1194.2 entitles non-exempt employees to recover liquidated damages in amounts equal to the amounts of unpaid minimum wages and interest thereon in addition to the underlying unpaid minimum wages and interest thereon.

48. Labor Code § 1197 makes it unlawful for an employer to pay an employee less than the minimum wage required under the applicable Wage Orders for all hours worked during a payroll period.

49. Labor Code § 1197.1 provides that it is unlawful for any employer or any other person acting either individually or as an officer, agent, or employee of another person, to pay an employee, or cause an employee to be paid, less than the applicable minimum wage.

50. Labor Code § 1198 makes it unlawful for employers to employ employees under conditions that violate the Wage Order.

51. Labor Code § 204 requires employers to pay non-exempt employees their earned wages for the normal work period at least twice during each calendar month on days the employer designates in advance and to pay non-exempt employees their earned wages for labor performed in excess of the normal work period by no later than the next regular payday.

52. Labor Code § 223 makes it unlawful for employers to pay their employees lower wages than required by contract or statute while purporting to pay them legal wages.

53. Labor Code § 510 and Section 3 of the Wage Order require employers to pay non-exempt employees overtime wages of no less than one and one-half times their respective regular rates of pay for all hours worked in excess of eight hours in one workday, all hours worked in excess of forty hours in one workweek, and/or for the first eight hours worked on the seventh consecutive day of one workweek.

54. Labor Code § 510 and Section 3 of the Wage Order also require employers to pay non-exempt employees overtime wages of no less than two times their respective regular rates of pay for all hours worked in excess of twelve hours in one workday and for all hours worked in excess of eight hours on a seventh consecutive workday during a workweek.

55. Plaintiff is informed and believes that, at all relevant times, Defendants have applied centrally devised policies and practices to him and **Auto Deduct Class** members with

respect to working conditions and compensation arrangements

*Meal Periods*

56.     At relevant times during the applicable limitations period, Defendants maintained a policy or practice of automatically deducting one half hour from Plaintiff's timecard on every work day for a meal period, regardless of whether or not Plaintiff was provided with a meal period

57     Plaintiff is informed, believes, and thereon alleges that, at relevant times during the applicable limitations period, Defendants maintained a policy or practice of automatically deducting one half hour from **Auto-Deduct Class** members timecards on every work day for a meal period, regardless of whether or not **Auto-Deduct Class** members were provided with a meal period.

58.     As a result of Defendants' policy or practice of automatically deducting one half hour from employees timecards for every work day for a meal period, Plaintiff and members of the **Auto Deduct Class** were required to perform off-the-clock work that Defendants either knew or should have known they were performing.

59.     At all relevant times, Defendants failed to pay hourly wages to Plaintiff for all time worked, including, but not limited to, overtime work, at statutory and/or agreed rates by suffering or permitting him to work during unpaid meal periods.

60.     Plaintiff is informed and believes that, at all relevant times and as matters of policy and/or practice, Defendants have failed also to pay hourly wages to **Auto Deduct Class** members for all time worked, including, but not limited to, overtime work, at statutory and/or agreed rates by suffering or permitting them to work during unpaid meal periods.

61     Pursuant to Labor Code § 1194, Code of Civil Procedure § 1021 5, the substantial benefit doctrine, and/or the common fund doctrine, Plaintiff, on behalf of himself and **Auto Deduct Class** members, seeks to recover reasonable attorneys' fees

//

## FOURTH CAUSE OF ACTION

## FAILURE TO PROVIDE ACCURATE WRITTEN WAGE STATEMENTS

(Lab. Code § 226)

(By Plaintiff and Wage Statement Penalties Class)

62. Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

63. Labor Code § 226(a) states in pertinent part the following. " (a) every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employer, except for an employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is aid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one time, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer and, if the employer"

64. Plaintiff is informed and believes that, at all relevant times, Defendants have failed to provide **Wage Statement Penalties Class** members with written wage statements as described supra in this complaint.

65. Plaintiff is informed and believes that Defendants' failures to provide him and **Wage Statement Penalties Class** members with accurate written wage statements have been intentional in that Defendants have the ability to provide them with accurate wage statements but have intentionally provided them with written wage statements that Defendants have known to not comply with Labor Code 226(a).

66. Plaintiff and **Wage Statement Penalties Class** members have suffered injuries, in that Defendants have violated their legal rights to receive accurate wage statements and have misled them about their actual rates of pay and wages earned. In addition, inaccurate information on their wage statements has prevented immediate challenges to Defendants' unlawful pay practices, has required discovery and mathematical computations to determine the amount of wages owed, has caused difficulty and expense in attempting to reconstruct time and pay records, and/or has led to the submission of inaccurate information about wages and deductions to state and federal government agencies.

67. Pursuant to Labor Code § 226(e), Plaintiff, on behalf of himself and **Wage Statement Penalties Class** members, seeks the greater of actual damages or $50.00 for the initial pay period in which a violation of Labor Code § 226(a) occurred, and $100.00 for each subsequent pay period in which a violation of Labor Code § 226(a) occurred, not to exceed an aggregate penalty of $4000.00 per class member, as well as awards of reasonable costs and attorneys' fees.

## FIFTH CAUSE OF ACTION

## FAILURE TO TIMELY PAY ALL FINAL WAGES

### (Lab. Code §§ 201-203)

### (Plaintiff and Waiting Time Penalties Class)

68. Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

69. At all relevant times, Plaintiff and **Waiting Time Penalties Class** members have been entitled, upon the end of their employment with Defendants, to timely payment of all wages earned and unpaid before termination or resignation.

70. At all relevant times, pursuant to Labor Code § 201, employees who have been discharged have been entitled to payment of all final wages immediately upon termination.

71. At all relevant times, pursuant to Labor Code § 202, employees who have resigned after giving at least seventy-two (72) hours-notice of resignation have been entitled to payment of all final wages at the time of resignation.

72. At all relevant times, pursuant to Labor Code § 202, employees who have resigned after giving less than seventy-two (72) hours-notice of resignation have been entitled to payment of all final wages within seventy-two (72) hours of giving notice of resignation

73. During the applicable limitations period, Defendants failed to pay Plaintiff all of his final wages in accordance with Labor Code § 201 by failing to timely pay him all of his final wages.

74. Plaintiff is informed and believes that, at all relevant times, Defendants have failed to timely pay **Waiting Time Penalties Class** members all of their final wages in accordance with Labor Code §§ 201 or 202.

75. Plaintiff is informed and believes that, at all relevant times, Defendants have maintained a policy or practice of paying **Waiting Time Penalties Class** members their final wages without regard to the requirements of Labor Code §§ 201 and 202 by failing to timely pay them all final wages.

76. Plaintiff is informed and believes that Defendants' failures to timely pay all final wages to him and **Waiting Time Penalties Class** members have been willful in that Defendants have the ability to pay final wages in accordance with Labor Code §§ 201 and 202 but have intentionally adopted policies or practice that are incompatible with those requirements.

77. Pursuant to Labor Code §§ 203 and 218.6, Plaintiff, on behalf of himself and **Waiting Time Penalties Class** members, seeks waiting time penalties from the dates that their final wages have first become due until paid, up to a maximum of 30 days, and interest thereon.

78. Pursuant to Code of Civil Procedure § 1021.5, the substantial benefit doctrine, and/or the common fund doctrine, Plaintiff, on behalf of himself and **Waiting Time Penalties Class** members, seeks awards of reasonable costs and attorneys' fees.

//
//
//

## SIXTH CAUSE OF ACTION

## UNFAIR COMPETITION

(Bus. & Prof. Code §§ 17200, *et seq.*)

(By Plaintiff and UCL Class)

79. Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

80. Business and Professions Code § 17200 defines "unfair competition" to include any unlawful business practice.

81. Business and Professions Code §§ 17203–17204 allow a person who has lost money or property as a result of unfair competition to bring a class action in accordance with Code of Civil Procedure § 382 to recover money or property that may have been acquired from similarly situated persons by means of unfair competition

82. California law requires employers to pay hourly, non-exempt, employees for all hours they are permitted or suffered to work, including hours that the employer knows or reasonably should know that employees have worked.

83. Plaintiff and the UCL Class realleges and incorporates by reference the FIRST, SECOND, and THIRD causes of action herein.

84. Plaintiff lost money or property as a result of the aforementioned unfair competition.

85. Defendants have, or may have, acquired money by means of unfair competition.

86. Plaintiff is informed and believes and thereon alleges that, by committing the Labor Code violations described in this complaint, Defendants violated Labor Code §§ 215, 216, 225, 226.6, 354, 408, 553, 1175, and/or 1199, which make it a misdemeanor to commit the Labor Code violations mentioned herein.

87. Defendants have committed criminal conduct through their policies and practices of, *inter alia*, failing to comport with their affirmative obligation on employers to provide non-exempt employees with uninterrupted, duty-free, meal periods of at least thirty minutes for each

work period of five or more hours and by failing to pay non-exempt employee for all hours worked.

### *Relief Sought*

88. The unlawful conduct of Defendants alleged herein amounts to and constitutes unfair competition within the meaning of Business & Professions Code §§ 17200, *et seq.* Business & Professions Code §§ 17200, *et seq.*, protects against unfair competition and allows a person who has suffered an injury-in-fact and has lost money or property as a result of an unfair, unlawful, or fraudulent business practice to seek restitution on his own behalf and on behalf of other similarly situated persons in a class action proceeding.

89. As a result of Defendants' violations of the Labor Code as during the applicable limitations period as alleged herein, Plaintiff has suffered an injury-in-fact and has lost money or property in the form of earned wages. Specifically, Plaintiff has lost money or property as a result of the aforementioned conduct.

90. Plaintiff is informed and believes that other similarly situated persons have been subject to the same unlawful policies or practices of Defendants.

91. Due to its unfair and unlawful business practices in violation of the Labor Code as alleged herein, Defendants have gained a competitive advantage over other comparable companies doing business in the State of California that comply with their legal obligations under the Labor Code.

92. Pursuant to Business & Professions Code § 17203, Plaintiff, on behalf of himself and the other members of the **UCL Class**, seek declaratory relief and restitution of all monies rightfully belonging to them that Defendants did not pay them or otherwise retained by means of its unlawful and unfair business practices.

93. Pursuant to Code of Civil Procedure § 1021.5, the substantial benefit doctrine and/or the common fund doctrine, Plaintiff and the other members of the **UCL Class** are entitled to recover reasonable attorneys' fees in connection with their unfair competition claims.

//

## SEVENTH CAUSE OF ACTION

## CIVIL PENALTIES

### (Lab. Code §§ 2698, *et seq.*)

94. Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

95. During the applicable limitations period, Defendants have violated Labor Code §§ 201, 202, 203, 204, 223, 226(a), 226.7, 510, 512, 1194, 1197, 1198.

96. Labor Code §§ 2699(a) and (g) authorize an aggrieved employee, of behalf of himself and other current and former employees, to bring a representative civil action to recover civil penalties pursuant to the procedures specified in Labor Code § 2699.3 that may, but need not, be brought or maintained as a class action pursuant to Code of Civil Procedure § 382.

97. Plaintiff, as a former employee against whom Defendants committed one or more of the alleged Labor Code violations during the applicable limitations period, is an aggrieved employee within the meaning of Labor Code § 2699(c).

98. Plaintiff has complied with the procedures for bringing suit specified in Labor Code § 2699.3.

99. Pursuant to Labor Code §§ 2699(a) and (f), Plaintiff seeks the following civil penalties for Defendants' violations of Labor Code §§ 201, 202, 203, 204, 223, 226(a), 226.7, 510, 512, 1194, 1197, 1198.

    A    For violations of Labor Code §§ 201, 202, 203, 212, 226.7, 1194, 1198, and, $100 for each employee per pay period for each initial violation and $200 for each employee per pay period for each subsequent violation (penalties set by Labor Code § 2699(f)(2));

    B.    For violations of Labor Code § 203, a penalty in an amount not exceeding 30 days pay as waiting time (penalties set by Labor Code § 256).

    C    For violations of Labor Code § 204, $100 for each employee for each initial violation that was neither willful nor intentional, $200 for each

employee, plus 25% of the amount unlawfully withheld from each employee, for each initial violation that was either willful or intentional, and $200 for each employee, plus 25% of the amount unlawfully withheld from each employee, for each subsequent violation, regardless of whether the subsequent violation was either willful or intentional (penalties set by Labor Code § 210);

D. For violations of Labor Code § 223, $100 for each employee for each initial violation that was neither willful nor intentional, $200 for each employee, plus 25% of the amount unlawfully withheld from each employee, for each initial violation that was either willful or intentional, and $200 for each employee, plus 25% of the amount unlawfully withheld from each employee, for each subsequent violation, regardless of whether the subsequent violation was either willful or intentional (penalties set by Labor Code § 225.5);

E. For violations of Labor Code § 226(a), if this action is deemed to be an initial citation, $250 for each employee for each violation. Alternatively, if an initial citation or its equivalent occurred before the filing of this action, $1,000 for each employee for each violation (penalties set by Labor Code § 226.3);

F. For violations of Labor Code §§ 510 and 512, $50 for each employee for each initial pay period for which the employee was underpaid, and $100 for each employee for each subsequent pay period for which the employee was underpaid (penalties set by Labor Code § 558); and

G. For violations of Labor Code § 1197, $100 for each aggrieved employee for each initial violation of Labor Code § 1197 that was intentional, and $250 for each aggrieved employee per pay period for each subsequent violation of § 1197, regardless of whether the initial violation was intentional (penalties set by Labor Code § 1197.1).

100.     Pursuant to Labor Code § 2699(g), Plaintiff seeks awards of reasonable costs and attorneys' fees in connection with his claims for civil penalties.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself, all others similarly situated, and the general public, prays for relief and judgment against Defendants as follows:

A. An order that the action be certified as a class action;

B. An order that Plaintiff be appointed class representative.

C. An order that counsel for Plaintiff be appointed class counsel;

D. Unpaid Wages;

E. Actual Damages;

F. Liquidated Damages;

G. Restitution;

H. Declaratory relief;

I. Pre-judgment interest;

J. Statutory penalties;

K. Civil penalties;

L. Costs of suit;

M. Reasonable attorneys' fees; and

N. Such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, on behalf of himself, all others similarly situated, and the general public, hereby demands a jury trial on all issues so triable.

DATED: September 30, 2014          SETAREH LAW GROUP

                                   BY _____
                                   SHAUN SETAREH
                                   Attorneys for Plaintiff,
                                   DALE WILSON

---

18

*Wilson v TE Connectivity, et al.*                              Class Action Complaint